UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

    Plaintiff,

v.                                      Case No. 10-C-0572

STATE OF TENNESSEE BOARD OF
PROBATION AND PAROLE,
LACHAUNA ROMANCE JACKSON,
and WAGERMAN LAW FIRM,

    Defendants.

**DECISION AND ORDER**

On June 25, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against the State of Tennessee Board of Probation and Parole, Lachauna Romance Jackson, and Wagerman Law Firm. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before authorizing Robinson to proceed in forma pauperis, this court must determine if the litigant would be unable to pay the costs of commencing this action and still provide for herself and for her dependents the "necessities of life." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir.

1987). Additionally, where the litigant cannot pay the full filing fee but is economically able to pay a portion thereof, it is within this court's discretion to order a partial payment of the filing fee while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (citing *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980)).

In her petition and affidavit for leave to proceed in forma pauperis, Robinson states that currently, she is not employed. She owns a 1993 Buick Roadmaster. Robinson states that she does not own a residence and that she does not have a cash, checking, savings, or other similar account. It appears that she has no other assets. Robinson also reports that she has no monthly expenses.

Based on the foregoing, I am satisfied that Robinson is indigent for purposes of the in forma pauperis statute. That is, given her unemployed status, I am persuaded that she is unable to pay the costs of commencing this action.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d

2

607, 611-12 (7th Cir. 2000). At this stage, all factual allegations of the complaint are taken as true. *See id.* at 612. Such allegations must be viewed liberally and in the light most favorable to the plaintiff. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). A complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Accepting a plaintiffs' allegations as true, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In other words, the plaintiff must allege enough factual content to "'nudg[e]' [her] claim . . . 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 544).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for [her] allegations or prove [her] claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. "However, the court is not required to "ignore any facts alleged in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

In her complaint, Robinson states the following:

I SPOKE TO MR. JONES 04/09/05 & TOLD HIM THAT I HAD A LETTER THOUGH A JUDGE & I WAS TOLD THAT IF I HAD A LETTER BY HIM THAT I SHOULD JUST HAVE TO FOLLOW THE PROCEEDER TO STAY IN MIL, WI BUT I TOLD HIM THAT MY OFFICER ANITA GATES SAID THAT THE JUDGE DON'T OVER RULE HER & THAT SHE WOULD HAVE TO GIVE THE SAY SO & HE CALLED TO MEM, TN TO FIND OUT WHAT THE PROBLEM WAS &

3

> SPOKE TO MS.FORD THAT TOLD ME THAT SHE DIDN' T ALLOW PROBATIONEER,S TO GET PASSES OUT OF STATE BUT MR. JONES SAD THAT IT WAS UP TO ME TO STAY BUT EVERY TIME I WANTED TO CHECK IN THE DIRECTOR IN MILWAUKEE WOULD KEEP ME FROM IT & THIS WAS IN APRIL & ANITA HAD SENT A LETTER TO ME THAT I DID'NT OPEN DUE TO IT BEING TAPED COMING FROM SO LONG DISTANCE & MONTH'S WENT ON & I FOUND OUT 11/14/05 THAT A WARRANT HAD BEEN ISSUED FOR MY ARREST 08/10/05 TO THE 6867 SHOWBOUT ADDRESS & SHE KNOW'S THAT I'M HERE IN WISCONSIN & THE ADDRESS & MY DAD'S.

(Compl. at 3.)

Robinson's complaint goes on to state the following:

> I HAD TO PAY HER BACK [Lachauna Jackson] DUE TO HER LYING ON STAND IN THE MEMPHIS COURT HOUSE ON STAND UNDER OATH DUE TO MY EX BOYFRIEND THAT WAS TWO TIMING US BOTH AT THE SAME TIME HAD HER SIGN A TITLE TO A 93' FLEETWOOD & SHE ALSO HAD SOMEONE MAKE OUT A LARGE AMOUNT STATEMENT FOR THE DAMAGE'S OF THE CAR SO THAT I WOULD HAVE TO PAY IT IN FULL BUT THE JUDGE PUT ME ON DIVERSION SO THAT I COULD PAY $150.00 A MONTH TO HER & $35.00 TO THE STATE.

(Compl. at 3.)

Having reviewed Robinson's complaint, the court cannot make sense of it. Rather than being clear and concise, Robinson's claim statement reflects a stream of consciousness regarding her relationship with the Tennessee Board of Probation and Parole back in the mid 2000s. This is beyond the simplicity and concision required of someone filing a lawsuit. Moreover, it is not the court's responsibility to construct a claim where none appears to exist. Even affording Robinson's complaint a liberal construction, the court finds that she fails to state a claim under any federal law or under the United States Constitution.

Additionally, since January 2010, Robinson has now filed fourteen cases in this district. Many of these cases have been dismissed as frivolous or for failure to state a claim on which relief may be granted. She also tried to file 224 complaints in the Northern District of Illinois, prompting the executive committee of that court to enter an order enjoining her from filing further actions absent

4

leave of the committee. *See* Executive Committee Order in N.D. Ill. Case No. 09-C-821 (February 5, 2009). Notwithstanding the frequency with which she files cases, she indicated in her complaint in the instant case that she has *not* begun other lawsuits in state or federal court. This is not the first time that she checked the "NO" box in response to the question of whether she had begun other lawsuits either. Robinson's continued dishonesty is unacceptable and will not be tolerated. The court possesses finite resources, which are not to be expended on those individuals who manipulate the system. Thus, let this serve as a warning to Robinson that she is to refrain from filing false information with the court.

As for the instant case, because Robinson's complaint fails to state a claim, her motion to proceed in forma pauperis will be denied and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 13th day of July 2010 at Milwaukee, Wisconsin.

             **BY THE COURT**:

             s/ William E. Callahan, Jr.
             WILLIAM E. CALLAHAN, JR.
             United States Magistrate Judge